## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.:  14CV3292

GREAT DIVIDE BREWING COMPANY,

     Plaintiff,

v.

GOLD KEY/PHR FOOD SERVICES, LLC,

     Defendant.

_____

## VERIFIED COMPLAINT AND JURY DEMAND
_____

Plaintiff, Great Divide Brewing Company (**"Great Divide"**) complains against Defendant Gold Key/PHR Food Services, LLC as follows:

### INTRODUCTION

1.    This is an action at law and in equity for trademark infringement and dilution, trade dress infringement and dilution, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the **"Lanham Act"**), and common law.

### THE PARTIES

2.    Great Divide is a Colorado corporation with a principal place of business of 2201 Arapahoe Street, Denver, CO 80205.

3.    Upon information and belief, Defendant is a Virginia limited liability company with an address of 300 32nd Street, Suite 500, Virginia Beach, VA 23451.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b) in that it arises under the trademark laws of the United States and the law of unfair competition and is brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§1114(1) and 1125(a) and (c), and the common law of trademark infringement, unfair competition and deceptive trade practices.

5.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that Great Divide and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

7.     This Court has personal jurisdiction over Defendant because it has purposefully directed unlawful activities at Great Divide knowing that Great Divide is a resident of Colorado and this action results from injuries that arise out of or relate to those activities.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is the subject of this action is situated in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND

9.     Great Divide is a Colorado-based brewer of beer and ales.

10.     Great Divide owns U.S. Trademark Registration No. 2,557,039 for the trademark "GREAT MINDS DRINK ALIKE." (the **"GMDA Mark"**) which was registered by the U.S. Patent & Trademark Office in 2002 for beer and ale in International Class 032.  A true and accurate copy of the registration is attached as Exhibit 1.

2

11.     Great Divide has continually used the GMDA Mark since at least 2000 to identify its beers and ales, and to distinguish them from the products of other breweries.

12.     Registration of the GMDA Mark constitutes prima facie evidence of the validity of the GMDA Mark, Great Divide's ownership thereof, and Great Divide's exclusive right to use the GMDA Mark nationwide.

13.     On March 1, 2008, the U.S. Patent & Trademark Office issued a Notice of Acceptance under Section 8 of the Trademark Act, 15 U.S.C. § 1058(a)(1) and Section 15 of the Trademark Act, 15 U.S.C. § 1065 for the GMDA Mark. See Exhibit 2.   Accordingly, Great Divide's rights to the GMDA Mark were deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

14.     The GMDA Mark remains active, valid and enforceable.

15.     Great Divide has developed common law trademark rights in the GMDA Mark through its continuous use of the GMDA Mark since at least 2000.

16.     Great Divide has invested significant funds in advertising to promote the GMDA Mark.  As part of its brand investment, Great Divide advertises its goods and services through traditional advertising, promotional goods, product packaging and labeling, social media, press releases, through its website and through other advertising activities.

17.     As a result of its investment, the GMDA Mark has developed substantial public recognition and goodwill.

18.     At substantial cost, Great Divide has created a unique and distinctive trade dress for its beer and ales featuring the GMDA Mark (the **"GMDA Trade Dress"**).  For example, the GMDA Trade Dress is prominently featured on the labels and caps of its beers, and on its tap handles.  See Exhibits 3, 4, & 5.

19.     As a result of Great Divide's extensive use and promotion of its GMDA Trade Dress, it has built up and now owns valuable goodwill that is symbolized by the trade dress. The purchasing public has come to associate the GMDA Trade Dress with Great Divide.

20.     The GMDA Trade Dress is inherently distinctive and there is no legitimate reason for any other brewer, beer seller or restaurant to copy or simulate the trade dress.

## DEFENDANT'S INFRINGING ACTIVITIES

21.     Upon information and belief, Defendant is the owner of a restaurant named "Lager Heads" which sells a variety of craft beers.

22.     Upon information and belief, Lager Heads was opened in or around the summer of 2014.

23.     Lager Heads is named after a popular style of beer (lager) and is marketed towards enthusiasts of beer, and uses its beer selection as a marketing and branding tool.

24.     Lager Heads is marketed using an exact replica of the GMDA Mark.  See Exhibits 6 and 7.

25.     Lager Heads is also marketed using the phrase "Great Minds Eat & Drink Alike", which is confusingly similar to the GMDA Mark.  See Exhibit 8.

26.     Lager Heads' website contains a "Beers Q&A" which answers common questions and describes various styles of beer and also contains a "Craft Beer Directory" that prominently markets the number of beers it has on tap.  See Exhibits 9 and 10.

27.     Great Divide has no connection or affiliation with Defendant or Lager Heads, and has not consented to or authorized any aspect of the use of the GMDA Mark or any confusingly similar marks.

28.     Upon information and belief, Defendant has offered for sale, distributed, advertised, and promoted the sale of beer using the GMDA Mark and the mark "Great Minds Eat & Drink Alike".

29.     Because Defendant is using an exact reproduction of the GMDA Mark and a confusingly similar mark to the GMDA Mark, Defendant thereby uses in commerce a reproduction, counterfeit, copy, or colorable imitation of Great Divide's registered mark and trade dress without the consent of Great Divide.

30.     Defendant's continuing use of the GMDA Mark and a confusingly similar version of the GMDA Mark in connection with the sale of beer at the Lager Heads restaurant is likely to cause confusion and mistake and to deceive consumers.   Defendant's infringement will create the false and misleading impression that Defendant's products are affiliated, connected, or associated with Great Divide, or have the sponsorship, endorsement or approval of Great Divide.

31.     Great Divide has demanded that Defendant cease and desist from using the GMDA Mark and the phrase "Great Minds Eat & Drink Alike", but Defendant has failed and refused and continues to fail and refuse from using the GMDA Mark and the phrase "Great Minds Eat & Drink Alike."

32.     By the acts complained of in this action, Defendant has infringed on the GMDA Mark, engaged in unfair and deceptive practices, and deliberately traded on Great Divide's goodwill and reputation, to the irreparable injury and damage of Great Divide.

33.     Great Divide has no adequate remedy at law.

34.     Due to Defendant's acts, Great Divide has been unjustly enriched, and Great Divide is entitled to an accounting for all of Defendant's profits derived from infringing sales.

35.     Defendant should be permanently enjoined from using the GMDA Mark or any confusingly similar mark, including the phrase "Great Minds Eat & Drink Alike", in connection with the sale of beer.  In addition, Defendant is liable for damages caused by its infringements.

36.     Due to Defendant's acts, Great Divide has suffered and is likely to suffer substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of its GMDA Mark, and injury to its relationships with its customers.

37.     Defendant's actions have caused and will continue to cause irreparable injury to Great Divide.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1))**

38.     Great Divide incorporates the preceding paragraphs as if fully set forth in this paragraph.

39.     Defendant has used marks which are identical to and confusingly similar to Great Divide's federally registered mark in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Great 'Divide's goodwill and reputation as symbolized by the federally registered GMDA Mark, for which Great Divide has no adequate remedy at law.

40.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Great Divide's federally registered mark, all to Great Divide's irreparable injury.

41.     Defendant's use of the GMDA Mark in commerce infringes Great Divide's exclusive rights in its federally registered GMDA Mark in connection with beer and ale in violation of 15 U.S.C. § 1114(1).

42.     Defendant has caused and is likely to continue causing substantial injury to the public and to Great Divide, and Great Divide is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116.

43.     Due to Defendant's acts, Great Divide is entitled to recover Defendant's profits or such sum as the Court shall find to be just, damages sustained by Great Divide, and the costs of this action, as well as a sum in excess of Great Divide's actual damages not exceeding three times such amount, and attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
## (UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. 1125(a))

44.     Great Divide incorporates the preceding paragraphs as though fully set forth in this paragraph.

45.     Defendant's use of the GMDA Mark and the phrase "Great Minds Eat & Drink Alike" in commerce constitute a false designation of origin, false description, and false representation that Defendant and its ale products are sponsored by, authorized by, or affiliated with Great Divide.   Defendant's acts are calculated and likely to cause confusion or mistake and deceive consumers as to the true origin, source, sponsorship or affiliation of Defendant's beers, in violation of 15 U.S.C. § 1125(a).

46.     Defendant's use of GMDA Mark and confusingly similar phrases to the GMDA Mark are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Great Divide, or are affiliated, connected, or associated with Great Divide, have the sponsorship, endorsement, or approval of Great Divide.

47.     Defendant has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Great Divide's goodwill and reputation as symbolized by the GMDA Mark, for which Great Divide have no adequate remedy at law.

48.     Defendant's actions demonstrate an intentional and willful intent to trade on the goodwill associated with GMDA Mark, all to the irreparable injury of Great Divide.

49.     Defendant has caused and is likely to continue causing substantial  injury to the public and to Great Divide, and Great Divide is entitled to preliminary and permanent  injunctive relief under 15 U.S.C. § 1116.

50.     Due to Defendant's acts, Great Divide is entitled to recover Defendant's profits or such sum as the Court shall find to be just, damages sustained by Great Divide, and the costs of this action, as well as a sum in excess of Great Divide's actual damages not exceeding three times such amount, and attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (FEDERAL DILUTION)

51.     Great Divide incorporates the preceding paragraphs as though fully set forth in this paragraph.

52.     Great Divide has extensively and continuously promoted and used the GMDA Mark to identify and promote both its products and the company itself.

53.     This product and corporate trademark has become a famous and well known symbol of Great Divide and its goods and services.

54.     Defendant is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of GMDA Mark by eroding the public's exclusive identification of this mark with Great Divide, and otherwise lessening the capacity of the GMDA Mark to identify and distinguish the products and services of Great Divide.

55.     Defendant's actions have caused and will continue to cause irreparable injury to Great Divide's goodwill and dilution of the distinctiveness and value of the GMDA Mark in violation of 15 U.S.C. §1125(c).

**FOURTH CLAIM FOR RELIEF**
**(COMMON LAW UNFAIR COMPETITION)**

56.     Great Divide incorporates the preceding paragraphs as though fully set forth in this paragraph.

57.     The GMDA Mark has acquired a secondary meaning or significance that identifies Great Divide.

58.     Defendant has unfairly used the GMDA Mark or a simulation of it against Great Divide.

59.     Defendant has sold, promoted, and offered for sale its products using GMDA Mark and the phrase "Great Minds Eat & Drink Alike" in violation of and with knowledge of Great Divide's rights to the GMDA Mark, for the purpose of trading upon Great Divide's goodwill and reputation and the passing off of Defendant's products as that of Great Divide.

60.     Defendant's acts constitute infringement of Great Divide's common law rights and improper and unfair competition.

61.     Defendant's acts have damaged Great Divide in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT)

62.     Great Divide incorporates the preceding paragraphs as though fully set forth in this paragraph.

63.     Defendant's use of GMDA Mark and the phrase "Great Minds Eat & Drink Alike" in connection with the sale of beers constitute infringement of Great Divide's common law rights in the GMDA Mark, and has created and will continue to create a likelihood of confusion to the irreparable injury of Great Divide unless restrained by this Court.   Plaintiff has no adequate remedy at law for this injury.

64.     On information and belief, Defendant acted with full knowledge of Great Divide's use of and statutory and common law rights to, the GMDA Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

65.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the GMDA Mark to the irreparable injury of Great Divide.

66.     Great Divide, as a result of Defendant's acts, has been damaged in an amount not as yet determined or ascertainable.   At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and to costs.

## SIXTH CLAIM FOR RELIEF
### (DECEPTIVE TRADE PRACTICES IN VIOLATION OF C.R.S. § 6-1-113)

67.     Great Divide incorporates the preceding paragraphs as though fully set forth in this paragraph.

68.     By using the GMDA Mark and a confusingly similar mark to the GMDA Mark to suggest an affiliation with Great Divide that does not exist, Defendant engaged in an unfair and deceptive trade practice.

69.     Defendant's wrongful behavior occurred in the course of its business, vocation, or occupation.

70.     Defendant's unfair competition and trademark violations significantly impact the public as actual or potential consumers of Defendant's beer sales.

71.     Through these wrongful acts, Defendant has caused damage to Great Divide, its brand, and its goodwill by causing Great Divide to lose control over the GMDA Mark.

## PRAYER FOR RELIEF

WHEREFORE, Great Divide is entitled to and demands:

1.      Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined preliminarily and permanently, from:

      a.      using the GMDA Mark, or any other copy, reproduction, or colorable imitation or simulation thereof, including but not limited to, the phrase "Great Minds Eat & Drink Alike";

      b.      using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, trade dress, service marks, names, or logos of Great Divide;

      c.      using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public

misunderstanding that such goods or services are produced or provided by Great Divide, are sponsored or authorized by Great Divide, or are in any way connected or related to Great Divide;

d.      using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, trade dress, service marks, names, or logos of Great Divide; and

e.      passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of Great Divide, or otherwise continuing any and all acts of unfair competition as alleged in this Verified Complaint.

2.      Defendant be ordered to remove all advertisements bearing the GMDA Mark, the phrase "Great Minds Eat & Drink Alike" or any confusingly similar imitation of the GMDA Mark;

3.      Defendant be ordered to deliver up for impoundment and for destruction all menus, advertisements, packages, promotional material, stationery or other materials in the possession, custody, or under the control of Defendant that are found to adopt, to infringe, or to dilute any of Great Divide's trademarks or trade dress or that otherwise unfairly compete with Great Divide and its products and services;

4.      Defendant be compelled to account to Great Divide for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Verified Complaint, including prejudgment interest thereon;

5.      Great Divide be awarded all damages caused by the acts forming the basis of this Verified Complaint, together with prejudgment interest thereon;

6.      Based on Defendant's knowing and intentional use of the GMDA Mark and confusingly similar marks to the GMDA Mark, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117;

7.      Defendant be required to pay to Great Divide the costs of this action and Great Divide's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and C.R.S. § 6-1-113; and

8.      Defendant be required to file with the Court and to serve upon Defendant's counsel within ten days after entry of any injunction or order issued in this action, a written report, under oath, setting forth in detail the manner in which Defendant has complied with such injunction or order.

9.      Great Divide be awarded other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Great Divide hereby demands trial by jury on all claims and issues triable by jury in this action.

December 4, 2014

Respectfully submitted,

*s/ Scott C. Sandberg*
Scott C. Sandberg, #33566
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado  80202
Phone:  (303) 634-2000
Fax:  (303) 634-2020
Email:  ssandberg@swlaw.com
**ATTORNEYS FOR PLAINTIFF**
**GREAT DIVIDE BREWING COMPANY**

## VERIFICATION

Brian Dunn, President of Great Divide Brewing Company, being of age and duly sworn, declares under penalty of perjury as follows:  (1) that he is the President of Great Divide Brewing Company; (2) that he has read the foregoing Verified Complaint and Jury Demand; and (3) that factual allegations in the Verified Complaint are true to the best of his knowledge, information, and belief.

GREAT DIVIDE BREWING COMPANY

By:  Brian Dunn
Its:   President

STATE OF COLORADO )
) ss.
COUNTY OF DENVER )

Subscribed, sworn to, and acknowledged before me by Brian Dunn, as President of Great Divide Brewing Company this _3rd_ day of December, 2014.

Witness my hand and official seal.

MARY G VALLES
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20044002926
MY COMMISSION EXPIRES JANUARY 27, 2016

Notary Public

My commission expires: _1/27/16_

20559986

14